**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CONTINENTAL CASUALTY COMPANY a/s/o both SNACKHOUSE PROPERTY, LLC and US REALTY ADVISORS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.** |
| **GEIS AT MASSILLON, LLC, GEIS CONSTRUCTION, INC., and THE K COMPANY, INC.,** | ) | **(JURY DEMAND ENDORSED HEREON)** |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiff CONTINENTAL CASUALTY COMPANY a/s/o both SNACKHOUSE PROPERTY, LLC and US REALTY ADVISORS, LLC, by and through its attorneys, for its Complaint against Defendants, GEIS AT MASSILLON, LLC, GIES CONSTRUCTION, INC., and THE K COMPANY, INC., states as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. CONTINENTAL CASUALTY COMPANY ("CNA") is an Illinois corporation engaged in the insurance business, with a principal place of business located at 151 N. Franklin Street, Chicago, Illinois 60606. CNA is authorized to transact business, and has transacted business, in the State of Ohio.

2. SNACKHOUSE PROPERTY, LLC ("SNACKHOUSE') is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1370 Avenue of the Americas, New York, New York 10019. Upon information and belief, the members of the limited liability company are residents of the State of

New York. At all times material hereto, SNACKHOUSE was the owner of a warehouse building located at 2255 Phoenix Ave. SE, Massillon, Ohio 44646 (hereinafter referred to as “the warehouse building”).

3. US REALTY ADVISORS, LLC is a limited liability company organized under the laws of the State of New York, with its principal place of business located at 1370 Avenue of the Americas, New York, New York 10019. Upon information and belief, the members of the limited liability company are residents of the State of New York. US REALTY ADVISORS, LLC acts as the asset manager for SNACKHOUSE PROPERTY, LLC.

4. GIES AT MASSILLON, LLC is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located at 10020 Aurora Hudson Road, Streetsboro, Ohio 42241. Upon information and belief, the members of the limited liability company are residents of the State of Ohio. GEIS AT MASSILLON acted at the “Construction Agent” for construction of the warehouse building, and sold the warehouse building to SNACKHOUSE.

5. GEIS CONSTRUCTION, INC. is an Ohio corporation engaged in the construction business, with its principal place of business located at 10020 Aurora Hudson Road, Streetsboro, Ohio 42241. GEIS CONSTRUCION acted as the general contractor during the construction of the warehouse building.

6. THE K COMPANY, INC. is an Ohio corporation engaged in the design, installation, and servicing of HVAC systems, with its principal place of business located at 2234 S. Arlington Road, Canton, Ohio 44319. THE K COMPANY installed multiple exhaust fans with hoods on the roof of the warehouse building during its construction.

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332, as there is diversity of jurisdiction between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as the property that is the subject of this lawsuit is located within this judicial district.

**ALLEGATION OF FACTS**

9. On or about December 18, 2018, GEIS AT MASSILLON entered into a "Construction Agency Agreement" with Stark County Port Authority for the financing in part and construction of the warehouse building.

10. As part of the "Construction Agency Agreement," GEIS AT MASSILLON agreed to act as Stark Point's agent for, in part, the negotiation, management, and supervision of the General Construction Project.

11. In its capacity as Construction Agent, GEIS AT MASSILLON retained GEIS CONSTRUCTION as the general contractor for the construction of the warehouse building.

12. GEIS AT MASSILLON and/or GEIS CONSTRUCTION thereafter retained THE K COMPANY to, in part, install multiple exhaust fans with hoods on the roof of the warehouse building during its construction.

13. Upon or nearing its completion, GEIS AT MASSILLON sold the warehouse building to SNACKHOUSE on or about October 24, 2019.

14. From the late evening of April 7, 2020, through the early morning of April 8, 2020, a storm occurred within the Massillon, Ohio, area.

15. During the storm, eleven (11) of exhaust fans with hoods installed by THE K COMPANY became dislodged and tumbled across the roof of the warehouse building, causing substantial damage to the roof.

16. At all relevant times, CNA provided a policy of insurance (Policy No. 6073052632) covering, among other locations, the property consisting of the warehouse building in Massillon, Ohio.

17. CNA is a bonafide subrogee of SNACKPOINT and US REALTY ADVISORS pursuant to the policy of insurance issued by CNA, which provided coverage for the warehouse building.

**COUNT I-NEGLIGENCE**
**(GEIS AT MASSILLON)**

18. CNA realleges paragraphs one through seventeen of the Allegations Of Fact as paragraph eighteen of this Count I.

19. At all material times, GEIS AT MASSILLON was under a duty to exercise due care and caution in the supervision and performance of construction work related to the warehouse building, for the safety of the current and future owners' real and personal property.

20. Notwithstanding said duty, GEIS AT MASSILLON breached its duties through one or more of the following acts or omissions of negligence:

(a) Failed to make a reasonable inspection of the work being done thereon to confirm that the exhaust fans with hoods were properly installed on the roof of the warehouse building;

(b) Failed to properly supervise the construction work being performed at the warehouse building; and,

(c) Failed to warn of the dangerous condition existing in relation to the installation of the exhaust fans with hoods on the roof of the warehouse building, when it knew or should have known the same existed therein.

21. On the late evening of April 7, 2020, and/or the early morning of April 8, 2020, as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions on the part of GEIS AT MASSILLON, eleven (11) of the exhaust fans with hoods installed on the roof became dislodged in a storm and tumbled across the roof of the warehouse building, causing substantial damage to the roof, and necessitating its replacement.

22. Pursuant to the CNA policy of insurance covering the property, CNA paid sums totaling in excess of One Million Dollars ($1,000,000.00) to repair and/or replace damaged or destroyed property, and to otherwise compensate for losses sustained by the dislodging of the exhaust fans with hoods.

23. By virtue of its payments and the terms of said policy of insurance, CNA is subrogated to all rights, remedies, and causes of action accruing to SNACKHOUSE and US REALTY ADVISORS against GEIS AT MASSILLON.

WHEREFORE, Plaintiff, CONTINENTAL CASUALTY COMPANY a/s/o both SNACKHOUSE PROPERTY, LLC and US REALTY ADVISORS, LLC prays for judgment against Defendant, GEIS AT MASSILLON, LLC, as follows:

1. For damages in amounts greater than $1,000,000.00;
2. For costs and disbursements in this action; and,
3. For such other and further relief as the Court deems just and proper.

**COUNT II-NEGLIGENCE**
**(GEIS CONSTRUCTION, INC.)**

24. CNA realleges paragraphs one through seventeen of the Allegations Of Fact as paragraph twenty-four of this Count II.

25. At all material times, GEIS CONSTRUCTION was under a duty to exercise due care and caution in the supervision and performance of construction work related to the warehouse building, for the safety of the current and future owners' real and personal property.

26. Notwithstanding said duty, GEIS CONSTRUCTION breached its duties through one or more of the following acts or omissions of negligence:

(a) Failed to make a reasonable inspection of the work being done thereon to confirm that the exhaust fans with hoods were properly installed on the roof of the warehouse building;

(b) Failed to properly supervise the construction work being performed at the warehouse building;

(c) Improperly installed the exhaust fans with hoods on the roof of the warehouse building; and,

(d) Failed to warn of the dangerous condition existing in relation to the installation of the exhaust fans with hoods on the roof of the warehouse building, when it knew or should have known the same existed therein.

27. On the late evening of April 7, 2020, and/or the early morning of April 8, 2020, as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions on the part of GEIS CONSTRUCTION, eleven (11) of the exhaust fans with hoods installed on the roof became dislodged in a storm and tumbled across the roof of the warehouse building, causing substantial damage to the roof, and necessitating its replacement.

28. Pursuant to the CNA policy of insurance covering the property, CNA paid sums totaling in excess of One Million Dollars ($1,000,000.00) to repair and/or replace damaged or destroyed property, and to otherwise compensate for losses sustained by the dislodging of the exhaust fans with hoods.

29. By virtue of its payments and the terms of said policy of insurance, CNA is subrogated to all rights, remedies, and causes of action accruing to SNACKHOUSE and US REALTY ADVISORS, LLC against GEIS CONSTRUCTION.

WHEREFORE, Plaintiff, CONTINENTAL CASUALTY COMPANY a/s/o SNACKHOUSE PROPERTY, LLC and US REALTY ADVISORS, LLC prays for judgment against Defendant, GEIS CONSTRUCTION, INC., as follows:

1. For damages in amounts greater than $1,000,000.00;

2. For costs and disbursements in this action; and,

3. For such other and further relief as the Court deems just and proper.

**COUNT III-BREACH OF IMPLIED WARRANTY**
**(GEIS CONSTRUCTION)**

30. CNA realleges paragraphs one through seventeen of the Allegations Of Fact as paragraph thirty of this Count III.

31. GEIS CONSTRUCTION impliedly warranted, promised and/or coveted that the work it performed at the warehouse building would be performed in a good and workmanlike manner.

32. GEIS CONSTRUCTION breached the foregoing warranty in one or more of the following respects:

(a) Failed to make a reasonable inspection of the work being done thereon to confirm that the exhaust fans with hoods were properly installed on the roof of the warehouse building;

(b) Failed to properly supervise the construction work being performed at the warehouse building;

(c) Improperly installed the exhaust fans with hoods on the roof of the warehouse building; and,

(d) Failed to warn of the dangerous condition existing in relation to the installation of the exhaust fans with hoods on the roof of the warehouse building, when it knew or should have known the same existed therein.

33. That as a direct and proximate result of GEIS CONSTRUCTION's breach of its implied warranty to perform its duties in a workmanlike manner, on the late evening of April 7, 2020, and/or the early morning of April 8, 2020, eleven (11) of the exhaust fans with hoods on the roof of the warehouse building became dislodged in a storm and tumbled across the roof, causing substantial damage to the roof and other property, and necessitating its replacement.

34. Pursuant to the CNA policy of insurance covering the property, CNA paid sums totaling in excess of One Million Dollars ($1,000,000.00) to repair and/or replace damaged or destroyed property, and to otherwise compensate for losses sustained by the dislodging of the exhaust fans with hoods.

35. By virtue of its payments and the terms of said policy of insurance, CNA is subrogated to all rights, remedies, and causes of action accruing to SNACKHOUSE and US REALTY ADVISORS, LLC against GEIS CONSTRUCTION.

WHEREFORE, Plaintiff, CONTINENTAL CASUALTY COMPANY a/s/o SNACKHOUSE PROPERTY, LLC and US REALTY ADVISORS, LLC prays for judgment against Defendant, GEIS CONSTRUCTION, INC., as follows:

1. For damages in amounts greater than $1,000,000.00;

2. For costs and disbursements in this action; and,

3. For such other and further relief as the Court deems just and proper.

**<u>COUNT IV-NEGLIGENCE</u>**
**<u>(THE K COMPANY)</u>**

36. CNA realleges paragraphs one through seventeen of the Allegations Of Fact as paragraph thirty-six of this Count IV.

37. At all material times, THE K COMPANY was under a duty to exercise due care and caution in the supervision and performance of construction work related to the warehouse building, for the safety of the current and future owners' real and personal property.

38. Notwithstanding said duty, THE K COMPANY breached its duties through one or more of the following acts or omissions of negligence:

(a) Failed to make a reasonable inspection of the work being done thereon to confirm that the exhaust fans with hoods were properly installed on the roof of the warehouse building;

(b) Failed to properly supervise the construction work being performed at the warehouse building;

(c) Improperly installed the exhaust fans with hoods on the roof of the warehouse building; and,

(d) Failed to warn of the dangerous condition existing in relation to the installation of the exhaust fans with hoods on the roof of the warehouse building, when it knew or should have known the same existed therein.

39. On the late evening of April 7, 2020, and/or the early morning of April 8, 2020, as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions on the part of THE K COMPANY, eleven (11) of the exhaust fans with hoods installed on the roof became dislodged in a storm and tumbled across the roof of the warehouse building, causing substantial damage to the roof, and necessitating its replacement.

40. Pursuant to the CNA policy of insurance covering the property, CNA paid sums totaling in excess of One Million Dollars ($1,000,000.00) to repair and/or replace damaged or destroyed property, and to otherwise compensate for losses sustained by the dislodging of the exhaust fans with hoods.

41. By virtue of its payments and the terms of said policy of insurance, CNA is subrogated to all rights, remedies, and causes of action accruing to SNACKHOUSE and US REALTY ADVISORS, LLC against THE K COMPANY.

WHEREFORE, Plaintiff, CONTINENTAL CASUALTY COMPANY a/s/o SNACKHOUSE PROPERTY, LLC and US REALTY ADVISORS, LLC prays for judgment against Defendant, THE K COMPANY, INC., as follows:

1. For damages in amounts greater than $1,000,000.00;
2. For costs and disbursements in this action; and,
3. For such other and further relief as the Court deems just and proper.

**COUNT V-BREACH OF IMPLIED WARRANTY**
**(THE K COMPANY)**

42. CNA realleges paragraphs one through seventeen of the Allegations Of Fact as paragraph forty-two of this Count V.

43. THE K COMPANY impliedly warranted, promised and/or coveted that the work it performed at the warehouse building would be performed in a good and workmanlike manner.

44. THE K COMPANY breached the foregoing warranty in one or more of the following respects:

(a) Failed to make a reasonable inspection of the work being done thereon to confirm that the exhaust fans with hoods were properly installed on the roof of the warehouse building;

(b) Failed to properly supervise the construction work being performed at the warehouse building;

(c) Improperly installed the exhaust fans with hoods on the roof of the warehouse building; and,

(d) Failed to warn of the dangerous condition existing in relation to the installation of the exhaust fans with hoods on the roof of the warehouse building, when it knew or should have known the same existed therein.

45. That as a direct and proximate result of THE K COMPANY's breach of its implied warranty to perform its duties in a workmanlike manner, on the late evening of April 7, 2020, and/or the early morning of April 8, 2020, eleven (11) of the exhaust fans with hoods on the roof of the warehouse building became dislodged in a storm and tumbled across the roof, causing substantial damage to the roof and other property, and necessitating its replacement.

46. Pursuant to the CNA policy of insurance covering the property, CNA paid sums totaling in excess of One Million Dollars ($1,000,000.00) to repair and/or replace damaged or destroyed property, and to otherwise compensate for losses sustained by the dislodging of the exhaust fans with hoods.

47. By virtue of its payments and the terms of said policy of insurance, CNA is subrogated to all rights, remedies, and causes of action accruing to SNACKHOUSE and US REALTY ADVISORS, LLC against THE K COMPANY.

WHEREFORE, Plaintiff, CONTINENTAL CASUALTY COMPANY a/s/o SNACKHOUSE PROPERTY, LLC and US REALTY ADVISORS, LLC prays for judgment against Defendant, THE K COMPANY, INC., as follows:

1. For damages in amounts greater than $1,000,000.00;
2. For costs and disbursements in this action; and,
3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John E. Vincent

John E. Vincent (0070501)
PELINI, CAMPBELL & RICARD, LLC
5880 Innovation Drive
Dublin, Ohio 43016
(614) 389-3605 / Fax: (614) 389-3605
E-mail: jevincent@pelini-law.com

/s/ Brian T. Bailey
Brian T. Bailey
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900 /
E-mail: bbailey@nzalaw.com

*Co-Counsel for Plaintiffs*

**DEMAND FOR JURY TRIAL**

CONTINENTAL CASUALTY COMPANY hereby demands a trial by jury on all claims and issues so triable.

/s/ John E. Vincent
*Co-Counsel for Plaintiffs*